[No. 12546-7-III.    Division Three.    January 4, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. BJS, *Appellant.*

*C. Bradley Chinn* and *C. Bradley Chinn, P.S.,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *William H. Reeves, Deputy,* for respondent.

MUNSON, J. — BJS appeals her juvenile court conviction for first degree child molestation, RCW 9A.44.083. She contends (1) the trial court's findings of fact are insufficient to support the judgment, and (2) the court erred in admitting out-of-court statements of two children.

BJS babysat for DD, from July 10 to July 22, 1991, and from August 15 to August 19, 1991. BJS took care of DD's daughters, victim 1, victim 2, and RD. Victim 1 and victim 2, twins, were 3 years old at the time. RD was 7 years old.

In early September 1991, DD was bathing her daughters when victim 2 told her that BJS had victim 1 lick her daisy. The family used "daisy" as a euphemism for the vulvar and vaginal area. DD then spoke with RD who confirmed victim 2's statement. RD stated on one occasion BJS had victim 2 lick victim 1's daisy, and on another she had victim 1 lick victim 2's. DD reported the incident to the police who later interviewed all three children. BJS was charged by information with two counts of first degree child molestation.

At trial, the court found victim 1 and victim 2 incompetent to testify. RD, age 8 at the time of the trial, was found competent and testified. The court allowed testimony of four witnesses as to out-of-court statements made by victim 1 and victim 2: DD; Teresa Summerour, a child abuse interviewer; Barbara Cochran, the children's baby-sitter; and Officer J. Neal of the Airway Heights Police Department.

BJS contends the written findings of fact do not satisfy the requirements of JuCR 7.11(d) and do not support the guilty verdict.

JuCR 7.11(d) provides:

> **Written Findings and Conclusions on Appeal.** The court shall enter written findings and conclusions in a case that is appealed. The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court

relied in reaching its decision. The findings and conclusions may be entered after the notice of appeal is filed. The prosecution must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal.

BJS filed a notice of appeal on June 26, 1992. On May 7, 1992, the trial court signed a document entitled "Findings of Fact and Conclusions of Law".[1] Although the document was filed within the time limit provided, it states no ultimate facts as to any element of the crime. Rather, it is a fill-in-the-blank form and merely recites the names of the testifying witnesses.

On September 14, 1992, the trial court signed a second document entitled "Findings of Fact and Conclusions of Law".[2] On October 20, 1992, counsel for BJS filed the docu-

---

[1]The first "Findings of Fact and Conclusions of Law" document states in part: "[A] hearing was held on the issue of whether the defendant committed the offense(s) as charged, and testimony having been taken from the following witness(es), *[DD], Teresa Summerour, Barbara Cockran* [sic], *Off. J. Neal A.H.P.D., Jody [S], B. [S], [victim 1] (called, not qualified), [victim 2] (called, not qualified)* and the court, based upon the Information, testimony heard and the case record to date, finds that the defendant has been proven guilty beyond a reasonable doubt of the following offense(s): *[first degree] child molestation[,] two counts:*".

[2]The second "Findings of Fact and Conclusions of Law" document states in part: "1. The defendant, [BJS], is a minor child and is properly under the jurisdiction of this Court, having a date of birth of August 12, 1978, being thirteen (13) at the time the offenses were committed.

"2. From the testimony of the witnesses the offenses occurred in Spokane County during the time period alleged in the Information.

"3. The crimes alleged involve oral sex between two (2), three (3) year old children done at the direction of the defendant. While the two (2) victims did not testify, their statements to their mother, another babysitter, a professional therapist and a police officer were admitted. The acts describe oral sex. This Court finds that these children, based on the evidence before it, would not normally know about oral sex unless they were taught. Their description of the sexual act was explicit, as was their identification of the defendant as the person urging them to do it.

"4. An explanation offered to the Court by the defense is that bad blood existed between the mother of the victims and the mother of the defendant where the victims' mother sought revenge on the defendant by coaching her daughters (including her seven (7) year old, . . . in describing a fabricated sexual offense to a police officer (Officer J. Neal), a trained therapist/psychologist (Teresa Summerour) and another babysitter. This Court finds this explanation to be incredible. This would require the mother to have coached her children so

ment with this court.[3] Such a delay in filing the findings of fact would result in dismissal if the delay were prejudicial. *State v. Royal*, 122 Wn.2d 413, 858 P.2d 259 (1993). However, BJS does not contend she was prejudiced by the delay in filing the findings of fact. Her contention is the findings of fact do not address the elements of the crime. We agree.

The elements of the crime of child molestation in the first degree are set out in RCW 9A.44.083(1):

> A person is guilty of child molestation in the first degree when the person has sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

The term "sexual contact" is defined in RCW 9A.44.010(2) as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party."

Therefore, the elements of first degree child molestation are:

1. A touching of the sexual or intimate parts of a person,

2. For the purpose of sexual gratification,

3. A victim less than 12 years old,

4. A perpetrator at least 36 months older than the victim, and

5. The perpetrator and victim are not married.

Although the trial court did not find BJS personally touched the victims, she could still be found guilty of the crime. RCW

---

well that her two (2), three (3) year old daughters could spontaneously mention this to a babysitter, be interviewed by a professional therapist who didn't believe that they had been coached and explain it to a police officer. One daughter testified in Court. This Court finds that their descriptions of the crime involving oral sex performed at the urging of the defendant who was their babysitter are consistent and this Court believes them.

"5. This Court finds that evidence beyond a reasonable doubt exists to prove guilt of two (2) counts of First Degree Child Molestation."

[3] JuCR 7.11(d) states "[t]he *prosecution* must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal." (Italics ours.) Had BJS's counsel not submitted the second findings, it appears there would be no ultimate findings before the court.

9A.08.020 provides for liability for the conduct of another; it states in part:

> (1) A person is guilty of a crime if it is committed by the conduct of another person for which he is legally accountable.
> (2) A person is legally accountable for the conduct of another person when:
> (a) Acting with the kind of culpability that is sufficient for the commission of the crime, he causes an innocent or irresponsible person to engage in such conduct;

The second findings of fact[4] entered by the trial court sets out many operative facts, but reveals only the following ultimate facts as to the elements of the crime:

1. BJS was 13 years old at the time of the offense.
2. The victims were 3 years old.
3. The victims engaged in oral sex at the direction of BJS.

These facts establish that the victims were less than 12 years of age, that the perpetrator was more than 36 months older than the victims, and that there was a touching of the sexual parts of a person for which BJS could be legally accountable.

The facts set forth in the findings fail to address whether the acts were done for the purpose of gratifying sexual desire. Based on the nature of the contact in this case, it may be reasonable to assume, even highly probable, that the acts were done for sexual gratification. However, while "this court can read the testimony, it cannot weigh the evidence nor enter findings of fact." *State v. Fellers*, 37 Wn. App. 613, 616, 683 P.2d 209 (1984) (citing *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959)). Here, a finding that the touching was done for the purpose of sexual gratification is a crucial element. As Judge Forrest stated in his dissent in *State v. Souza*, 60 Wn. App. 534, 546, 805 P.2d 237, *review denied*, 116 Wn.2d 1026 (1991), "how is the appellate court to know when a failure to find is an oversight, and when it accurately represents the judge's view of the evidence at the time of decision?" Adequate written findings are essential to permit

---

[4]The court's oral findings of fact also fail to address all the elements of the crime. At best, the only ultimate facts are that the victims were 3 years old and engaged in oral sex at the direction of BJS.

meaningful appellate review. *State v. Pena*, 65 Wn. App. 711, 715, 829 P.2d 256 (1992). Here, the facts found by the trial court do not constitute criminal conduct.

Because we hold the judgment was not supported by the findings of fact, we need not address BJS's other contention.

The conviction is reversed and the case dismissed.

THOMPSON, C.J., and SWEENEY, J., concur.