[No. 14459–3–III. Division Three. May 16, 1996.]

THE STATE OF WASHINGTON, *Respondent* v. CHRISTOPHER JAMES PARKER, *Appellant.*

*Philip E. Nino* and *Harkins Law Office*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Mary Ann Brady, Deputy*, for respondent.

SCHULTHEIS, J. — In February 1994 Christopher Parker was charged by information with fourth degree assault

with a special allegation of sexual motivation for touching the breast of a female classmate. A juvenile court commissioner found him guilty as charged, and he appeals. He challenges the sufficiency of the evidence that the contact was intentional and/or for sexual gratification and the legal adequacy of the court's findings of fact. We affirm in part, reverse in part and remand for a new disposition hearing.

At the September 1994 adjudication hearing, Mr. Parker's classmate S.H. gave her version of the incident. Both students were in their ninth grade pre–algebra class on December 3, 1993. She was sitting at her desk with her arms resting on the desk; he was sitting at his desk to her left. The class was noisy, and she was not paying attention to what he was doing. She suddenly felt him touch the underside of her left breast: "it wasn't a grab — it was just like a push on my left breast." S.H. turned and punched Mr. Parker in the arm. She was caught in the act by the teacher, who told her "that was uncalled for" and to get down to the office. She stood up to confront the teacher, and felt Mr. Parker touch her left arm, which was at her side. Thinking he was trying to touch her breast again, she slapped him in the face. Addressing the teacher, S.H. demanded, "Did you see what he did?" The teacher responded "No, I don't care, he's your friend. Get down to the office right now."

Vice Principal Jeffrey Miller testified S.H. was upset when she came to his office. She told him she had been kicked out of class for slugging Mr. Parker. When asked to explain, she said "he had reached over and put his hand on my left breast in class, and so I stood up and slugged him."

Mr. Parker testified. He agreed the class was noisy. He was sitting to the left of S.H. She had her arms resting on her desk, "like she was kind of leaning forward but kind of not, but they was on her desk . . . ." He explained he had pushed his chair back from his desk, and was leaning

backward with the front chair legs off the floor and his feet up on the desk edge at the book slot, when he lost his balance. He reached his arms out to catch himself on something and evidently caught himself on her breast. He said he did not know where he had touched her, but he thought he had grabbed her shoulder. Stopped from falling, he pushed himself forward and the chair came down on all four legs. Then she slapped him, and was yelling at the teacher and leaving the classroom, and there was nothing for him to do. He did not think he touched her arm after she stood up, but rather that she brushed against him. When Mr. Miller asked him the following week what happened, Mr. Parker said he told him he did not know he had grabbed her breast, he was just catching himself to keep from falling.

Recalled for rebuttal, Mr. Miller remembered discussing the matter with Mr. Parker. He testified the youth sort of scoffed at the whole thing initially, but eventually explained that he touched S.H.'s breast by mistake for some reason, either reaching or stretching or something, but he did not remember specifically. Mr. Miller did not recall anything about a chair leaning back or about grabbing her to keep from falling. He said Mr. Parker seemed surprised anyone was even questioning him, "it was kind of like, you know, what's the big deal? You know, it was a mistake, I didn't mean to, or I don't understand why she's so upset about this — . . . ."

Following closing argument, the commissioner took a short recess. In her oral ruling, the commissioner stated she found Mr. Parker's story unbelievable. During the recess she had arranged chairs and tried to recreate the scenario he depicted, but concluded it was highly unlikely that he would have contacted only the underside of S.H.'s breast in a reach to keep himself from falling—he would have hit an arm or a shoulder—and that under the circumstances the contact could only have been intentional. She found his failure to apologize undermined his explanation that the contact was accidental. She did not address the sexual motivation allegation.

That same day, the prosecutor presented and the commissioner signed a document entitled "Findings of Fact and Conclusions of Law." The document, a fill-in-the-blanks form, names the charge, lists the witnesses and states the court finds the defendant guilty; however, it states no ultimate facts as to any element of fourth degree assault or the special allegation of sexual motivation.

On September 9, 1994 a superior court judge denied Mr. Parker's motion for reconsideration or a new hearing, and ordered disposition within the standard range.

On September 14, 1994 Mr. Parker filed a notice of appeal. On March 28, 1995 he filed his appellant's brief and affidavit of service. In his brief, he challenges the sufficiency of the evidence and the adequacy of the court's findings of fact, particularly those supporting the special allegation of sexual motivation. Counsel also refers to a second, more particularized findings of fact document, a copy of which he states was provided to him on March 23, 1995. Counsel and the prosecutor both mentioned this second document in their oral arguments. Neither party provided us with a copy of this document, however, so we decide this appeal without considering it.[1]

JuCR 7.11, governing adjudicatory hearings, requires the court to state the reasons for its adjudication of guilt on the record and the prosecutor to submit written findings stating the ultimate facts as to each element of the crime within a specific time after receiving notice of appeal. JuCR 7.11 provides, in pertinent part:

(c) **Decision on the Record.** The juvenile shall be found guilty or not guilty. The court shall state its findings of fact and enter its decision on the record. The findings shall include the evidence relied upon by the court in reaching its decision.

---

[1]After oral argument we contacted the juvenile department of the superior court and confirmed that the prosecutor filed a second document entitled "Findings of Fact and Conclusions of Law" on March 30, 1995. The document was filed in superior court four months after Mr. Parker designated the clerk's papers he wanted transmitted to this court. We do not believe he should be held responsible for filing the State's document with this court. And although we have the authority to order supplementation of an incomplete record, we are not required to do so. RAP 9.10.

(d) **Written Findings and Conclusions on Appeal.** The court shall enter written findings and conclusions in a case that is appealed. The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision. The findings and conclusions may be entered after the notice of appeal is filed. The prosecution must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal.

 Here, the court did not fully comply with JuCR 7.11(c) or (d) and the prosecutor did not fully comply with JuCR 7.11(d). The court's oral opinion covers only the assault allegation. After describing her attempts to reconstruct Mr. Parker's version of the incident, the commissioner stated:

> I find it real hard to believe [Mr. Parker's story] here this morning. Seems to me the only way that this could have happened is if it was an intentional touching, with the location of what happened with the touch and how it went, I'm going to find him guilty of fourth degree assault.

And although the document entitled "Findings of Fact and Conclusions of Law" filed on the day of the hearing met the time requirement of the rule, it does not satisfy the specificity requirement; as noted, it states no ultimate facts as to any element of assault or the special allegation of sexual motivation.

 Mr. Parker's challenge to the sufficiency of the evidence admits all inferences that reasonably can be drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Evidence is sufficient if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). The essential elements of fourth degree assault are found in RCW 9A.36.041(1): "A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial as-

sault, he or she assaults another." Intent is a court–implied element of assault in the fourth degree. *State v. Walden*, 67 Wn. App. 891, 894, 841 P.2d 81 (1992) (citing *State v. Davis*, 119 Wn.2d 657, 662, 835 P.2d 1039 (1992)). The intentional unlawful touching of the body of another is an assault. *State v. Ashcraft*, 71 Wn. App. 444, 455, 859 P.2d 60 (1993); *State v. Mathews*, 60 Wn. App. 761, 766, 807 P.2d 890 (1991), *review denied*, 118 Wn.2d 1030 (1992).

■ From the evidence presented, the court could reasonably infer Mr. Parker reached under his classmate's outstretched left arm and intentionally contacted the underpart of her breast. The court was not required to believe his testimony that the contact was accidental and there was no time to apologize. And although the court's written findings of fact do not support its adjudication of guilt, the court's oral findings of fact do; they address the elements of fourth degree assault, the intentional touching of another's body. The evidence is sufficient to support the court's determination Mr. Parker was guilty of fourth degree assault.

■ There is no support, however, for the court's determination that the assault was committed with sexual motivation. RCW 13.40.135, which sets forth the procedures for filing a special allegation of sexual motivation in certain juvenile cases, requires the State to prove beyond a reasonable doubt that the juvenile committed the offense with a sexual motivation and requires the court to make a finding of fact whether the sexual motivation was present at the time of the commission of the offense. The court's oral decision and the written findings of fact entered immediately thereafter do not satisfy the requirements of JuCR 7.11 or RCW 13.40.135(2), and they do not support the court's finding of sexual motivation. It may be reasonable to assume from the nature of the contact that it was done with sexual motivation; however, while " 'this court can read the testimony, it cannot weigh the evidence nor enter findings of fact.' " *State v. BJS*, 72 Wn. App. 368, 372, 864 P.2d 432 (1994) (quoting *State v. Fellers*, 37 Wn.

App. 613, 616, 683 P.2d 209 (1984)). The special allegation of sexual motivation must be dismissed. *BJS*, 72 Wn. App. at 372–73; *State v. Pena*, 65 Wn. App. 711, 715–16, 829 P.2d 256 (1992).

We affirm the fourth degree assault adjudication, reverse and dismiss the special finding of sexual motivation, and remand for a new disposition hearing.

SWEENEY, C.J., and THOMPSON, J., concur.