[No. 14849-1-III.   Division Three.   August 27, 1996.]

THE STATE OF WASHINGTON, *Respondent,* v. TONY P. NARANJO, *Appellant.*

*Tomas S. Caballero,* for appellant.

*Gary A. Riesen, Prosecuting Attorney,* and *Edward N. Stevensen, Deputy,* for respondent.

SCHULTHEIS, J. — Tony Naranjo appeals his juvenile court conviction of fourth degree assault. He contends the evidence was insufficient to disprove self-defense. Holding that the lack of findings and conclusions precludes review, we reverse and dismiss.

On a mid-December day in 1994, 10-year-old Shane Cook built a snow fort with his two brothers and a friend in a parking lot. The boys then began sledding nearby. At one point, Mr. Cook looked over and saw 12-year-old Tony Naranjo and other children "trampling" the fort. Mr. Cook told Mr. Naranjo to stop. What happened next is disputed.

According to Mr. Cook, Mr. Naranjo pushed Mr. Cook, who pushed back. Each pushed the other again, ending when Mr. Naranjo was knocked to the ground. Mr. Naranjo allegedly got up and began circling Mr. Cook "like a boxer," with his fists up. Mr. Cook, who turned so as to keep his face toward Mr. Naranjo, kept his hands at his side. Eventually, Mr. Naranjo punched Mr. Cook in the nose and ran away, with Mr. Cook in pursuit. Mr. Cook's nose bled copiously for about an hour and now appears somewhat crooked.

Mr. Naranjo was charged with second degree assault, a class B felony punishable with up to 12 months of community supervision and 150 hours of community service (for a juvenile offender). RCW 9A.36.021; RCW 13.40.0354, .0357. At the juvenile court trial on March 23, 1995, the testimony of Mr. Naranjo and his nine-year-old sister indicated Mr. Cook pushed Mr. Naranjo first, a brief shoving match followed, Mr. Cook hit Mr. Naranjo in the face, and Mr. Naranjo "pushed" Mr. Cook in the face, ending the fight. Only Mr. Cook, Mr. Naranjo and his sister testified.

In closing arguments, the State conceded the incident started as a "playground scuffle," but that after a break in the shoving, Mr. Naranjo attacked and escalated the aggression. The prosecutor explained he decided to pursue this conviction in order to show Mr. Naranjo that the "boxing stance" and the "devastating punch" exceeded what society expected under these circumstances. Defense counsel argued Mr. Cook approached Mr. Naranjo first as the aggressor and Mr. Naranjo responded in self-defense.

The court found Mr. Naranjo guilty of fourth degree assault, a lesser included offense. RCW 9A.36.041(1). It

imposed a sentence of three months' community supervision and eight hours of community service, the maximum for his age and this offense. RCW 13.40.0354, .0357. This appeal followed.

First, we must address a serious lapse in appellate procedure. At this point, over a year after the conviction, the State has not submitted written findings of fact and conclusions of law. JuCR 7.11(d).[1] When the written findings are inadequate or are filed beyond the 21-day period of JuCR 7.11(d), the proper remedy is remand to the trial court for additional findings.[2] *State v. Alvarez*, 128 Wn.2d 1, 904 P.2d 754 (1995). A delay in filing the findings and conclusions results in dismissal if the delay is prejudicial. *State v. Royal*, 122 Wn.2d 413, 423, 858 P.2d 259 (1993); *State v. BJS*, 72 Wn. App. 368, 371, 864 P.2d 432 (1994).

■■ The complete lack of findings, however, precludes review and compels dismissal. *State v. McCrorey*, 70 Wn. App. 103, 115, 851 P.2d 1234, *review denied*, 122 Wn.2d 1013 (1993). Total disregard for the procedures of JuCR 7.11(d) creates an appearance of unfairness. *McCrorey*, 70 Wn. App. at 116. Further, the practice of allowing findings to be entered on remand, after the appellant has framed the issues in his or her brief, is inherently prejudicial. *State v. Witherspoon*, 60 Wn. App. 569, 572, 805 P.2d 248 (1991).

Most important here, Mr. Naranjo's sole issue on appeal is the sufficiency of the State's evidence to disprove self-defense. A related issue is the sufficiency of credible evi-

---

[1] **"(d) Written Findings and Conclusions on Appeal.** The court shall enter written findings and conclusions in a case that is appealed. The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision. The findings and conclusions may be entered after the notice of appeal is filed. The prosecution must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal." JuCR 7.11.

[2] Inadequate findings also may be supplemented by the trial court's oral decision or statements in the record. *In re LaBelle*, 107 Wn.2d 196, 219, 728 P.2d 138 (1986) (involuntary commitment).

dence to raise the defense.[3] *State v. Walker*, 40 Wn. App. 658, 662, 700 P.2d 1168, *review denied*, 104 Wn.2d 1012 (1985). In review of a challenge to the sufficiency of the evidence, we ask whether, after viewing the evidence most favorable to the State, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980); *State v. Denison*, 78 Wn. App. 566, 570, 897 P.2d 437, *review denied*, 128 Wn.2d 1006 (1995). When, as here, the case is tried to the court, the written findings should address each element separately and indicate the factual basis for each. JuCR 7.11(d); *Denison*, 78 Wn. App. at 570 (adult criminal). On review, we consider whether there is sufficient evidence to support the findings. *Id.* We cannot, however, weigh the evidence or enter findings of fact. *State v. Parker*, 81 Wn. App. 731, 737, 915 P.2d 1174 (1996); *State v. Fellers*, 37 Wn. App. 613, 616, 683 P.2d 209 (1984). Accordingly, the total absence of findings prevents review of the sufficiency of the evidence to raise or disprove self-defense. *Denison*, 78 Wn. App. at 571; *McCrorey*, 70 Wn. App. at 115.

Reversed and dismissed.

SWEENEY, C.J., and THOMPSON, J., concur.

---

[3]Self-defense is a lawful act, when "used by a party about to be injured . . . in preventing or attempting to prevent an offense against his or her person, . . . [as long as] the force is not more than is necessary." RCW 9A.16.020(3). Once a defendant has raised some credible evidence of self-defense, the burden shifts to the State to disprove self-defense beyond a reasonable doubt. *State v. Acosta*, 101 Wn.2d 612, 621, 683 P.2d 1069 (1984); *State v. Walker*, 40 Wn. App. 658, 662, 700 P.2d 1168, *review denied*, 104 Wn.2d 1012 (1985).