[No. 81413-9. En Banc.]
Argued June 9, 2009. Decided September 3, 2009.

THE STATE OF WASHINGTON, *Respondent*, v. PHILLIP J. BOBENHOUSE, *Petitioner*.

*Dennis W. Morgan*, for petitioner.
*Benjamin C. Nichols, Prosecuting Attorney*, for respondent.

¶1 C. JOHNSON, J. — This case involves a challenge to the defendant's convictions for multiple counts of first degree rape of a child and first degree incest. A jury convicted Phillip J. Bobenhouse of five counts, as charged, based on evidence that he forced his two minor children to have sexual intercourse with each other and on evidence that he forced his son to perform fellatio on him regularly and at least once inserted his finger into his son's anus. Bobenhouse appealed, but the Court of Appeals affirmed the convictions and the exceptional minimum sentence imposed by the trial court. *State v. Bobenhouse*, 143 Wn. App. 315, 177 P.3d 209 (2008). Bobenhouse's petition to this court was granted. *State v. Bobenhouse*, 164 Wn.2d 1021, 125 P.3d 957 (2008). Bobenhouse argues (i) that since his children were statutorily incapable of committing a crime due to their young age, the charges based on that conduct should be dismissed; (ii) that he did not actually engage in sexual intercourse with his children with respect to at least four of the five counts charged; (iii) that the jury should have been instructed on unanimity with respect to the allegations regarding the acts he committed directly against his son; and (iv) that the trial court erred in

calculating his offender score and, as a consequence, the trial court erred in imposing an exceptional sentence based on an "unpunished crimes" aggravating factor. The statutes and our cases do not support Bobenhouse's claims and, to the extent any error occurred, those errors were harmless. We affirm the Court of Appeals.

## FACTS

¶2 In this case we are dealing with several counts, based on related but differing circumstances. The victims in this case are Bobenhouse's children, John Doe and Jane Doe. During the relevant period, John Doe was between six and eight years of age and Jane Doe was between four and seven years of age. John and Jane are less than 24 months apart in age. In 2005, the State charged Bobenhouse with two counts of first degree rape of a child and two counts of first degree incest. On the date of trial, the State amended the information to add an additional count of first degree rape of a child. The charges against Bobenhouse were set out as follows:

- Count 1, First degree rape of a child: Between June 4, 2002 and November 11, 2004, Bobenhouse engaged in sexual intercourse with John Doe. This count was based on allegations that Bobenhouse forced his son, John, to regularly perform fellatio on him and that Bobenhouse inserted his finger into John's anus on at least one occasion.

- Count 2, First degree rape of a child: Between June 4, 2002 and November 11, 2004, Bobenhouse engaged in sexual intercourse with John Doe. This count was based on allegations that Bobenhouse forced John Doe to engage in sexual intercourse with Jane Doe.

- Count 3, First degree rape of a child: Between June 4, 2002 and November 11, 2004, Bobenhouse engaged in sexual intercourse with Jane Doe. This count was based on allegations that Bobenhouse forced Jane Doe to engage in sexual intercourse with John Doe.

- Count 4, First degree incest: Between June 4, 2002 and November 11, 2004, the defendant engaged in sexual intercourse with John Doe, known by the defendant to be related to him. This count relates to the allegations in Count 1, described above.

- Count 5, First degree incest: Between June 4, 2002 and November 11, 2004, the defendant engaged in sexual intercourse with Jane Doe, known by the defendant to be related to him. This count relates to the allegations in counts 2 and 3, described above.

Bobenhouse entered a general denial to these charges and presented no testimony or evidence at trial.

¶3 At trial, the jury did not receive a unanimity instruction with respect to count 1, first degree rape of a child (acts committed by Bobenhouse directly against John). A jury convicted Bobenhouse as charged in each of the five counts. The trial court imposed a sentence of up to life with an exceptional minimum sentence of 600 months on each rape count, to run concurrently. The trial court, and not a jury, found aggravating factors that supported this exceptional sentence. Among others, Bobenhouse challenged these issues on appeal. The Court of Appeals affirmed the trial court, and Bobenhouse's appeal to this court was accepted.

## ISSUES

1. Whether a person can be held accountable for committing child rape and incest by forcing his children to have sex with each other?

2. Whether failure to give a unanimity instruction on the specific act that constituted rape and incest requires reversal?

3. Considering *Blakely*[1] and the relevant Washington statutory amendments, whether the trial court can impose an exceptional minimal sentence based on its own findings?

---

[1] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

## ANALYSIS

### A. Legal Impossibility

■ ¶4 Bobenhouse first challenges, as improperly charged, his convictions for counts 2 (rape of John by forcing him to have sexual relations with Jane), 3 (rape of Jane by forcing her to have sexual relations with John), and 5 (charge of incest arising out of counts 2 and 3). Bobenhouse contends it was legally impossible, under the statute, for the State to prove the material facts necessary to convict him of these crimes. This issue presents a question of law, which we review de novo. *State v. Womac*, 160 Wn.2d 643, 649, 160 P.3d 40 (2007).

¶5 To satisfy the requirements of proving rape of a child in the first degree under RCW 9A.44.073(1), the State must establish that "the person [had] sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim." To satisfy the requirements of proving incest in the first degree under RCW 9A.64.020(1), the State must establish that the person "engage[d] in sexual intercourse with a person whom he or she knows to be related to him or her, either legitimately or illegitimately, as an ancestor, descendant, brother, or sister of either the whole or the half blood." Additionally, Washington presumes that children less than eight years of age are incapable of committing a crime. RCW 9A.04.050. Bobenhouse's legal impossibility claim rests on the age requirements set out in our statutes for the crimes of rape and incest, and committing crimes in general.

■ ¶6 Bobenhouse argues that, since both of his children were less than eight years old, under RCW 9A.04.050, no crime occurred. Bobenhouse argues that, under the statute, it is not a crime for a person to force (and watch) two children to have sexual intercourse with each other where the child victims are unrelated to him, unrelated to each other, less than 24-months apart in age, and are less than

eight years of age.[2] To argue as such, Bobenhouse relies on RCW 9A.04.050 (children presumed incapable of committing a crime). But this argument ignores the criminal culpability imposed under the statutes. A person can be charged and convicted in certain circumstances for acts committed by another. RCW 9A.08.020(1) provides that "[a] person is guilty of a crime if it is committed by the conduct of another person for which he is *legally accountable*." (Emphasis added.) A person is "legally accountable" when "[a]cting with the kind of culpability that is sufficient for the commission of the crime, *he causes an innocent or irresponsible person to engage in such conduct*." RCW 9A.08.020(2)(a) (emphasis added).

¶7 Under these statutes, the person can be convicted as a principal. RCW 9A.44.073(1) (rape of a child in the first degree) requires the State to establish that "the person [had] sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim." Implicit in this statute is that the perpetrator is defined as one who causes the other person to engage in the act amounting to rape of a child in the first degree.

¶8 That a person in Bobenhouse's position can be convicted as a principal is consistent with or supported by *State v. BJS*, 72 Wn. App. 368, 371-72, 864 P.2d 432 (1994). Although the case was dismissed for insufficient evidence, the Court of Appeals noted that a defendant can be held legally accountable for child molestation based on causing conduct by one three-year-old against another, even though the defendant did not personally touch the victims. In *BJS*, the court also noted that such a defendant is considered the "perpetrator" for purposes of satisfying the child molesta-

---

[2] Bobenhouse does, however, concede that personally having sexual intercourse with a child with whom he knows himself to be related is a crime under the incest statute. In other words, while Bobenhouse challenges the incest charge based on allegations that he forced John and Jane to engage in sexual intercourse (counts 2 and 3), he does not make the same challenge with respect to his acts committed directly against John (count 4, which stems from the crime charged in count 1).

tion statute and the "perpetrator's" age is used to satisfy the 36-month age difference required between the victim and the perpetrator of child molestation. We agree with this analysis and conclusion.

¶9 Applied here, the jury found Bobenhouse forced his children to have sexual intercourse with each other. Had Bobenhouse engaged in this conduct himself, it would have constituted the crimes of rape of a child in the first degree and incest in the first degree. Put otherwise, because of his legal accountability for John and Jane, Bobenhouse was the "perpetrator"[3] in this case and, therefore, was acting as an accomplice in committing first degree rape of a child and incest against John and Jane. It is Bobenhouse's age then, like the defendant in *BJS*, that satisfies the required 24-month age differential.

¶10 Bobenhouse next argues that legislative changes following *BJS* require us to hold it is legally impossible to convict him on the basis that he caused one minor to have sexual intercourse with another. After *BJS*, the legislature amended RCW 9A.44.083(1) (child molestation in the first degree) to expressly provide that a person commits child molestation when he or she knowingly causes one minor to molest another minor. The legislature did not similarly amend the child rape statutes. Bobenhouse argues that RCW 9A.44.073 (rape of a child in the first degree) requires sexual intercourse between the perpetrator and the victim; this is what the statute expressly provides. Bobenhouse reasons that the difference in the express language of the two statutes signals that the legislature did not intend facts similar to those in *BJS* to support a conviction of child rape in the first degree. He argues that, where the legislature uses certain language in one statute and different language in another, the legislature has a different intent. *United Parcel Serv., Inc. v. State*, 102 Wn.2d 355, 362, 687 P.2d 186 (1984). But we reject Bobenhouse's reasoning on this issue.

---

[3] The age differential between Bobenhouse and his children is well beyond 24 months, as required by RCW 9A.44.073.

¶11 The legislature's intent in amending the child molestation statute and not the child rape statute does not foreclose convicting a defendant based on accomplice liability for his being "legally accountable" to another for whom he caused to commit illegal acts. RCW 9A.08.020(2)(a). Bobenhouse caused his children to engage in this conduct and, had he engaged in this conduct personally, it would have constituted the crimes charged. Whatever the legislative intent was in amending the child molestation statute and not the child rape statute, it is not dispositive in this case. We hold that Bobenhouse was the perpetrator in committing these crimes, which means Bobenhouse's age is the relevant age for determining whether the victim and the perpetrator are greater than 24-months apart in age to satisfy the requirements of RCW 9A.44.073.

¶12 Bobenhouse further argues that we cannot uphold these convictions on the basis of accomplice liability because, he claims, the charging documents were inadequate, as the State did not allege accomplice liability. Generally, the State is required to inform a defendant of the charges against him. *State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991). But the failure to expressly charge accomplice liability does not violate the defendant's right to be informed of the charges against him. *State v. Davenport*, 100 Wn.2d 757, 764-65, 675 P.2d 1213 (1984). In *Davenport*, we held it constitutionally permissible to charge a person as a principal and convict him as an accomplice, as long as the trial court instructs the jury on accomplice liability. The trial court instructed the jury as such here, and Bobenhouse makes no argument to the contrary. Accordingly, it was not improper to convict Bobenhouse for these crimes as an accomplice, and we affirm the Court of Appeals decision on this issue.

*B. Unanimity Instruction*

¶13 Bobenhouse next argues that the trial court erred when it did not provide the jury with a unanimity instruction regarding count 1, rape of John directly by

Bobenhouse.[4] "To convict a person of a criminal charge, the jury must be unanimous that the defendant committed the criminal act." *State v. Camarillo*, 115 Wn.2d 60, 63, 794 P.2d 850 (1990). The review standard for whether the failure to provide a unanimity instruction was error hinges on whether we are dealing with an *alternative means* case or a *multiple acts* case. To do so, we must determine whether RCW 9A.44.073(1) provides for "(1) a single offense of [child rape] committable in more than one way, or (2) several separate and distinct offenses, each constituting [child rape]." *State v. Arndt*, 87 Wn.2d 374, 377, 553 P.2d 1328 (1976) (articulating the approach to determining whether a case is subject to "alternative means" or "multiple acts" analysis).

¶14 Where the legislature intended to define but one crime that could be committed in different ways, we are dealing with a multiple acts case. We look first to the plain language of the statute and, if plain on its face, we can end the statutory inquiry. *Arndt*, 87 Wn.2d at 378-79 (going on to discuss the appropriate statutory analysis where the statute is ambiguous).

¶15 RCW 9A.44.073(1) provides, "A person is guilty of rape of a child in the first degree when the person *has sexual intercourse* with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim." (Emphasis added.) The plain language of this statute provides for but one crime, rape of a child. In order to commit the crime, a person must engage in sexual intercourse with a person less than 12 years old and meet the other requirements of the statute (e.g., unmarried, age difference, etc.). While sexual intercourse can be committed in multiple ways, *see* RCW 9A.44.010 (defining "sexual intercourse"), the statute does not provide alternative

---

[4] Bobenhouse asserted this error for the first time in his appeal to the Court of Appeals. The defendant can assert manifest constitutional errors for the first time on appeal. *State v. Huyen Bich Nguyen*, 165 Wn.2d 428, 433, 197 P.3d 673 (2008).

means (separate and distinct offenses) to committing rape of a child.

¶16 In contrast, "alternative means" cases occur when the legislature has enacted separate and distinct offenses that when committed constitute another crime. For example, first degree murder can be committed through alternative means (separate and distinct offenses), such as premeditated murder, felony murder (rape), and felony murder (larceny). *Arndt*, 87 Wn.2d at 378 (discussing *State v. Golladay*, 78 Wn.2d 121, 470 P.2d 191 (1970)). This is not the case here. Because the legislature intended rape of a child to be but one crime committable in multiple ways, we apply the "multiple acts" analysis to Bobenhouse's challenge to lack of a unanimity instruction.

¶17 In "multiple acts" cases, the jury must unanimously agree as to which incident constituted the crime charged. Where multiple acts relate to one charge, the State must elect the act on which it relies to convict the defendant, or the trial court must provide a unanimity instruction—a *Petrich* instruction. *State v. Petrich*, 101 Wn.2d 566, 572, 683 P.2d 173 (1984). The failure to do so in multiple acts cases is constitutional error. "The error stems from the possibility that some jurors may have relied on one act or incident and some [jurors a different act], resulting in a lack of unanimity on all of the elements necessary for a valid conviction." *State v. Kitchen*, 110 Wn.2d 403, 411, 756 P.2d 105 (1988). Under *Petrich*, where this error occurs, we apply constitutional harmless error analysis.

¶18 Here, we have charges of rape of a child in the first degree (count 1), which relates to Bobenhouse's acts committed directly against his son (i.e., sexual intercourse and digital anal penetration). Bobenhouse's son, John, testified that his father forced him to perform oral sex on him regularly. During the same testimony, the State asked Bobenhouse's son if Bobenhouse ever made him do anything else, other than oral sex. The son replied that Bobenhouse put his finger in his son's "butt." Verbatim Report of Proceedings (VRP) at 157-58, 160 (arguably reads

as testimony regarding separate incidents). Put otherwise, Bobenhouse's son may or may not have attested to multiple acts, each of which is capable of satisfying the material facts required to prove the crime of rape of a child in the first degree. But the prosecutor argued in closing that these acts were not separate and each occurred on a weekly basis. VRP at 567. Comparing the State's closing argument with John's testimony makes it inconclusive as to whether Bobenhouse was being charged based on one act or multiple acts of child rape. To the extent this case falls under the "multiple acts" line of cases, a *Petrich* instruction was required. Failure to give the *Petrich* instruction, when required, violates the defendant's constitutional right to a unanimous jury verdict and is reversible error, unless the error is harmless. *Camarillo*, 115 Wn.2d at 64.

¶19 In *Camarillo*, we dealt with a similar argument where we held the failure to instruct the jury on unanimity was harmless. The victim in *Camarillo* testified in detail to three incidents, each independently capable of supporting one count of indecent liberties. The defendant in *Camarillo* " 'offered no evidence upon which the jury could discriminate between the incidents.' " 115 Wn.2d at 70 (quoting *State v. Camarillo*, 54 Wn. App. 821, 828, 776 P.2d 176 (1989)); *see also Kitchen*, 110 Wn.2d at 413-14 (holding the failure to provide a *Petrich* instruction harmless where the jury could not rationally discriminate between two incidents). In *Camarillo*, we noted that the evidence presented was sufficient to establish that each crime had occurred, there was no conflicting testimony, and the victim provided specific detailed testimony. Ultimately, in *Camarillo*, we determined that, if the jury reasonably believed one incident occurred, all the incidents must have occurred. That same reasoning applies here.

¶20 Similar to the victim in *Camarillo*, John detailed what seem to be separate incidents that are each independently capable of constituting rape of a child in the first degree (i.e., Bobenhouse forced John to perform fellatio on Bobenhouse, and Bobenhouse inserted his finger in John's

anus). Bobenhouse offered only a general denial to these allegations, and, consequently, the jury had no evidence on which it could rationally discriminate between the two incidents (i.e., fellatio and digital penetration of John's anus). Put otherwise, if the jury in Bobenhouse's case reasonably believed that one incident happened, it must have believed each of the incidents happened. In applying the reasoning of *Camarillo* to this case (assuming *multiple acts* analysis), we conclude the trial court's failure to instruct the jury on unanimity constituted harmless error. As such, under "multiple acts" analysis, Bobenhouse's arguments fail on this issue, as there was either no error or error, if any, was harmless.

## C. *Exceptional Minimum Sentence*

¶21 Finally, Bobenhouse argues the trial court erred when it imposed an exceptional minimum sentence. He asserts it was error for the trial court and not the jury to determine the aggravating factors in light of *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).[5]

¶22 We have previously held that *Blakely* does not prohibit judicial fact finding when the trial court imposes either an indeterminate sentence of life or a minimum sentence within that life sentence. *State v. Clarke*, 156 Wn.2d 880, 891, 134 P.3d 188 (2006). In *Clarke*, we noted that "[b]ecause Clarke's sentence is indeterminate, his exceptional minimum sentence, although part of his punishment, is irrelevant under *Blakely* analysis because the relevant statutory maximum for *Apprendi* purposes is life imprisonment." 156 Wn.2d at 891. Here, the same is true of Bobenhouse's sentence, and we hold that Bobenhouse's sentence does not offend *Blakely*.

---

[5] This argument is predicated on this court's not upholding Bobenhouse's convictions. *See* Pet. for Discretionary Review at 20-21 (conceding the judicial finding of "unpunished crimes" aggravating factor is proper here, if this court does not reverse any of Bobenhouse's convictions). But this argument is still irrelevant based on other cases, as shown below.

¶23 Bobenhouse further argues the trial court abused its discretion when it did not find that the underlying rape and incest charges (stemming from forcing the children to have sexual intercourse with each other) constituted the "same criminal conduct" for purposes of sentencing. Bobenhouse would have this court hold that first degree child rape and first degree incest involve the same criminal intent: sexual intercourse. But this argument has no merit. We have previously held that "the Legislature intended to punish incest and rape as separate offenses, even though committed by a single act." *State v. Calle*, 125 Wn.2d 769, 780, 888 P.2d 155 (1995). Bobenhouse's argument must fail in light of the precedent set by our decision in *Calle*.

¶24 Finally, as to sentencing, Bobenhouse argues that the trial court committed an offender score error that affected the "unpunished crimes" factor. He asserts the trial court should have treated as the "same criminal conduct" the counts related to Jane and the counts related to the acts he committed directly against his son, John. Generally, where crimes encompass the same objective criminal intent and were committed at the same time and place against the same victim, they are considered the "same criminal conduct." RCW 9.94A.589(1)(a). But, considering the offender score of each crime, we can still uphold the exceptional minimum sentence even if the crimes should have been treated as the "same criminal conduct" for purposes of sentencing.

¶25 Here, Bobenhouse's offender score for each of the child rape offenses is 20. A score of 9 permits imposing a sentence at the highest end of the standard sentencing range. Clerk's Papers at 214 (judgment and sentence, identifying offender score for current offenses). In other words, even if Bobenhouse's current offenses were treated as the "same criminal conduct" for purposes of sentencing, his offender score is greater than 9, which would result in some current offenses going unpunished if an exceptional sentence was not imposed. Any error in not treating

Bobenhouse's crimes as the "same criminal conduct" was harmless, and the trial court's finding that the "unpunished crimes" factor was present was proper under RCW 9.94A.535(2).

## CONCLUSION

¶26 In sum, we affirm the Court of Appeals and hold as follows: (i) where a person is "legally accountable" to another, he or she can be found guilty as an accomplice for committing child rape and incest by causing his or her own children to have sexual intercourse with each other; (ii) under the facts of this case, the trial court's failure to give a unanimity instruction was harmless; (iii) where a trial court imposes an indeterminate sentence of life and the minimum sentence is less than life, judicial fact finding can be used to support the exceptional minimum sentence without violating a defendant's *Blakely* rights; and (iv) where the "unpunished crimes" factor under RCW 9.94A-.535(2) is present, the trial court's failure to treat a defendant's crimes as the same criminal conduct for purposes of calculating the defendant's offender score can constitute harmless error.

ALEXANDER, C.J., and MADSEN, SANDERS, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.

Reconsideration denied January 7, 2010.