IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33049-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TANNER FUSTON, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Tanner Fuston appeals his conviction for first degree child

molestation, which was sustained after a stipulated facts trial. Although there was

sufficient evidence to justify the conviction, we largely agree with Mr. Fuston's

contentions. We therefore remand to the juvenile court for additional findings and

vacation of one of the orders of protection.

## FACTS

The State charged twelve-year-old Tanner Fuston with two counts of first degree child molestation, based on allegations of sexual misconduct against two minor children, C.B. and A.B. The juvenile court entered a sexual assault protection order prohibiting Mr. Fuston from having contact with both children. This order expired on February 7, 2016. In August 2014, Mr. Fuston and the State entered into a 24-month stipulated order of continuance of the charges. At that time, the State also agreed to dismiss the charge relating to A.B.

After finding Mr. Fuston did not comply with the conditions in the stipulated order of continuance, the juvenile court revoked the order. Following a stipulated facts bench trial where only the police reports and an interview with the child forensic interviewer were admitted into evidence, the juvenile court found Mr. Fuston guilty of one count of first degree child molestation. Mr. Fuston appeals.

## ANALYSIS

*Sufficiency of the Findings of Fact*

Mr. Fuston contends the juvenile court's findings of fact are insufficient to support his conviction because they lack a finding on sexual gratification, an ultimate fact as to an

No. 33049-4-III
*State v. Fuston*

essential element—sexual contact—of first degree child molestation.[1]  The juvenile court

convicted Mr. Fuston following an adjudicatory hearing.  The State must prove each

element of the charged crime beyond a reasonable doubt.  *State v. Alvarez*, 128 Wn.2d 1,

13, 904 P.2d 754 (1995).  This court reviews a juvenile court's adjudication by

determining whether substantial evidence supports the court's findings of fact and

whether the findings of fact support the conclusions of law.  *State v. B.J.S.*, 140 Wn. App.

91, 97, 169 P.3d 34 (2007).  Conclusions of law are reviewed de novo.  *State v. A.M.*, 163

Wn. App. 414, 419, 260 P.3d 229 (2011).

A person is guilty of first degree child molestation "when the person has . . . sexual

contact with another who is less than twelve years old and not married to the

perpetrator and the perpetrator is at least thirty-six months older than the victim."

RCW 9A.44.083(1).  "Sexual contact" is "any touching of the sexual or other intimate

parts of a person done for the purpose of gratifying sexual desire of either party . . . ."

RCW 9A.44.010(2).  "Sexual gratification" is thus not an essential element to the crime

_____

[1] Conclusion of law 1, where the juvenile court partly concluded "[Tanner] Fuston had sexual contact [with] C B," is more properly considered a finding of fact.  Clerk's Papers at 54; *see State v. T.E.H.*, 91 Wn. App. 908, 915, 960 P.2d 441 (1998) (a conclusion of law finding that the juvenile had sexual contact with the victim was more properly labeled as a finding of fact); *Willener v. Sweeting*, 107 Wn.2d 388, 394, 730 P.2d 45 (1986) (this court reviews findings of fact wrongly labeled as conclusions of law as findings of fact).

3

of first degree child molestation but instead merely a definition that serves to clarify the meaning of the essential element "sexual contact." *State v. Lorenz*, 152 Wn.2d 22, 34-35, 93 P.3d 133 (2004).

Regarding the juvenile court's decision, JuCR 7.11(d) requires the court enter written findings of ultimate facts with respect to each element of the crime.[2] The language of JuCR 7.11(d) is mandatory. *State v. Avila*, 102 Wn. App. 882, 896, 10 P.3d 486 (2000). The juvenile court's written findings of fact and conclusions of law must state with specificity the ultimate facts necessary to support a conviction. *Alvarez*, 128 Wn.2d at 17. "Ultimate facts" are facts "which are necessary to determine issues in case, as distinguished from evidentiary facts supporting them. The logical conclusions deduced from certain primary evidentiary facts. Final facts required to establish plaintiff's cause of action or defendant's defense." *Id.* at 15 n.15 (quoting BLACK'S LAW DICTIONARY 1522 (6th ed. 1990)).

For support, Mr. Fuston primarily relies on *State v. BJS*, 72 Wn. App. 368, 864 P.2d 432 (1994), *abrogated by State v. Lorenz*, 152 Wn.2d 22, 93 P.3d 133 (2004). In

---

[2] In relevant part, the text of JuCR 7.11(d) provides: "The court shall enter written findings and conclusions in a case that is appealed. The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision."

*BJS*, the court reversed the juvenile's conviction for first degree child molestation because the facts set forth in the written findings failed to address whether the acts were done for the purpose of gratifying sexual desire. *Id*. at 372. The court noted that while it may be reasonable to assume the acts were done for sexual gratification based on the nature of the contact, appellate courts cannot weigh the evidence or enter findings of fact. *Id*.

*Lorenz* abrogated *BJS*, stating the *BJS* court conflated sexual gratification, an ultimate fact, with sexual contact, an essential element. *Lorenz*, 152 Wn.2d at 32. However, the *Lorenz* court went on to find the result reached in *BJS* was not erroneous as "it was appropriate to require the finding of sexual gratification because it was an ultimate fact as to the essential element of sexual contact." *Id*. Accordingly, the juvenile court here committed error when it did not include a finding of the ultimate facts it relied on to support its conclusion that Mr. Fuston acted for the purpose of sexual gratification.

Mr. Fuston argues the appropriate remedy for such error is reversal and dismissal. When the evidence is sufficient to support an adjudication of guilt but the juvenile court's findings are deficient, we will remand for revision of the findings. *Alvarez*, 128 Wn.2d at 19. The evidence here meets this standard. On remand, new findings and conclusions must be based on the evidence already taken. *Avila*, 102 Wn. App. at 897.

5

*Ineffective Assistance of Counsel*

Mr. Fuston contends defense counsel's failure to move to vacate the sexual assault protection order for A.B. constitutes ineffective assistance of counsel. RCW 7.90.150 authorizes the court to issue a sexual assault protection order in conjunction with criminal charges, but that order "shall terminate if the defendant is acquitted or the charges are dismissed." RCW 7.90.150(2)(b). Here, the sexual assault protection order for the children expired during the pendency of Mr. Fuston's appeal, on February 7, 2016. The State agrees remand is needed to allow the juvenile court to vacate the sexual assault protection order relating to A.B. While the expiration of the order seemingly raises a question of mootness, there is currently legislation pending that would allow for (1) permanent sexual assault protection orders and (2) modification of the procedure for renewal of a sexual assault protection order, placing the burden of proof for nonrenewal of an order on the perpetrator instead of the victim. H.B. REP. on S.B. 6151, 64th Leg., Reg. Sess. (Wash. 2016). Because of this, and because the State agrees with Mr. Fuston as to the remedy, remand is appropriate and there is no need to analyze whether Mr. Fuston received ineffective assistance of counsel.

No. 33049-4-III
*State v. Fuston*

*Statement of Additional Grounds*

In a Statement of Additional Grounds, Mr. Fuston complains about a video watched by the judge. It is unclear what video is the source of concern. If Mr. Fuston is referring to C.B.'s forensic interview, there was no error. Mr. Fuston agreed to admission of that interview in the stipulated order of continuance. If it was a different video, there is nothing in the record to permit our consideration on direct review. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

Based on the foregoing, this matter is remanded for entry of appropriate findings of fact and for vacating the sexual assault protection order relating to A.B.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Fearing, C.J.

Siddoway, J.

7