# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50137-6-II |
| Respondent, | |
| v. | |
| OLEG DENIS KORNUTA, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Oleg Denis Kornuta appeals his conviction for possession of a stolen motor vehicle. Kornuta argues that the State did not present sufficient evidence of each element in the trial court's to-convict instruction. Kornuta also argues that the trial court violated his due process rights because the court's to-convict instruction misstated the elements of possession of a stolen motor vehicle.

We hold that the State presented sufficient evidence of each element in the to-convict instruction. We also hold that Kornuta's instructional error claim cannot be raised for the first time on appeal because it does not involve a manifest constitutional error. Therefore, we affirm Kornuta's conviction.

### FACTS

Keith Meisner owned a 1992 white Honda. On the morning of October 29, 2016, Meisner noticed that his vehicle was missing. Only his wife and he had permission to drive the vehicle. Although it had been raining, Meisner noted that the pavement was dry where his vehicle had been

parked. As a result, Meisner concluded that his car had been recently stolen and called the police.

Police located Meisner's vehicle approximately 40 minutes later and found Kornuta in the driver's

seat. The State subsequently charged Kornuta with possession of a stolen motor vehicle.[1]

At trial, witnesses testified to the above facts. The State also presented the testimony of

Sergeant Timothy Wilson. Sergeant Wilson testified that he located a car matching the description

of Meisner's stolen vehicle in a parking lot. Sergeant Wilson stated that he approached the vehicle

and noticed that the outside shell of the vehicle's steering column had been removed and that the

wiring was exposed. Sergeant Wilson also testified that he observed Kornuta bent toward the

steering column with what appeared to be a screwdriver in his hand. Sergeant Wilson stated that

Kornuta appeared to be doing something to the exposed steering column.

Officer Joshua Phelps also testified about the condition of the stolen vehicle. Officer

Phelps stated that, after Kornuta was taken into custody, he observed that the vehicle's steering

column had been broken and that the ignition appeared to have been tampered with. Officer Phelps

testified that he found a number of metal pieces, a screwdriver, and the flat ends of spoons on the

floorboard of the vehicle and that Meisner said the items did not belong to him. Officer Phelps

also testified that the flat end of a spoon is often used to operate a stolen vehicle.

The trial court instructed the jury:

> To convict [Kornuta] of the crime of possessing a stolen motor vehicle, each
> of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about October 29, 2016, the defendant knowingly possessed a stolen
> motor vehicle;
>
> (2) That the defendant acted with knowledge that the motor vehicle had been stolen;

---

[1] RCW 9A.56.068.

(3) That the defendant withheld or appropriated the motor vehicle to the use of someone other than the true owner or person entitled thereto;

(4) That any of these acts occurred in the State of Washington.

Clerk's Papers (CP) at 32. The trial court also instructed the jury that "[p]ossessing a stolen motor vehicle means knowingly to receive, retain, possess, conceal, or dispose of a stolen motor vehicle knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto." CP at 31. Kornuta did not object to the court's jury instructions.

The jury found Kornuta guilty of possession of a stolen motor vehicle. Kornuta appeals his conviction.

## ANALYSIS

### I. Sufficiency of the Evidence

Kornuta argues that the State did not present sufficient evidence of each element in the trial court's to-convict instruction. Specifically, Kornuta argues that the State failed to prove beyond a reasonable doubt that Kornuta knew the vehicle had been stolen and that Kornuta withheld or appropriated the vehicle.[2] We disagree.

### A. Legal Principles

To evaluate whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330

---

[2] To the extent Kornuta argues that the State is required to prove all elements of a crime included in a charging document, we disagree. "[W]here unnecessary language is included in an information, the surplus language is not an element of the crime that must be proved unless it is repeated in the jury instructions." *State v. Tvedt*, 153 Wn.2d 705, 718, 107 P.3d 728 (2005).

P.3d 182 (2014). The State assumes the burden of proving nonessential elements of a crime when the elements are included in the trial court's to-convict instruction. *State v. Johnson*, 188 Wn.2d 742, 756, 399 P.3d 507 (2017). In determining whether sufficient evidence supports a conviction, we assume the truth of the State's evidence and all reasonable inferences that can be drawn from that evidence. *Homan*, 181 Wn.2d at 106. We also treat circumstantial evidence as equally reliable as direct evidence. *State v. Farnsworth*, 185 Wn.2d 768, 775, 374 P.3d 1152 (2016).

Under RCW 9A.56.068(1), a "person is guilty of possession of a stolen vehicle if he or she possess [possesses] a stolen motor vehicle." "Possessing stolen property" is defined as "knowingly to receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner." RCW 9A.56.140(1).

Mere possession of recently stolen property is insufficient to establish that the possessor knew the property was stolen. *State v. McPhee*, 156 Wn. App. 44, 62, 230 P.3d 284 (2010). However, possession of recently stolen property, together with slight corroborating evidence, is sufficient to prove knowledge. *McPhee*, 156 Wn. App. at 62.

Here, the to-convict jury instruction required the State to prove beyond a reasonable doubt:

(1) That on or about October 29, 2016, the defendant knowingly possessed a stolen motor vehicle;

(2) That the defendant acted with knowledge that the motor vehicle had been stolen;

(3) That the defendant withheld or appropriated the motor vehicle to the use of someone other than the true owner or person entitled thereto;

(4) That any of these acts occurred in the State of Washington.

CP at 32. Kornuta argues only that the second and third elements of the to-convict instruction were not met.

B.  KNOWLEDGE THAT THE VEHICLE HAD BEEN STOLEN

Kornuta argues that the State did not present sufficient evidence that he knew the vehicle had been stolen.  We disagree.

Police located Meisner's vehicle approximately 40 minutes after Meisner reported that it had been recently stolen.  When police discovered the vehicle, they observed that Kornuta had a tool in his hand and was doing something to the exposed steering column.  Police also found a screwdriver and the flat ends of spoons, which could be used to start a stolen vehicle.  Meisner reported that neither the screwdriver nor the spoons belonged to him.

The police found Kornuta in possession of Meisner's recently stolen vehicle with tools that are often used to start a stolen vehicle.  Viewing Kornuta's possession and the corroborating evidence in a light most favorable to the State, a rational trier of fact could find beyond a reasonable doubt that Kornuta knew that the vehicle had been stolen.  Accordingly, sufficient evidence supports this element of Kornuta's conviction for possession of a stolen vehicle.

C.  WITHHELD OR APPROPRIATED THE VEHICLE

Kornuta also argues that the State did not present sufficient evidence that he withheld or appropriated the vehicle.  We disagree.

Meisner stated that he owned the vehicle and that it had been stolen.  In addition, he did not give anyone permission to drive his vehicle.  This evidence is sufficient for a rational trier of fact to conclude that Kornuta exercised unauthorized control over the vehicle and that he appropriated it for his own use.  As a result, the State presented sufficient evidence to show beyond a reasonable doubt that Kornuta withheld or appropriated the vehicle from its true owner.

## II. INSTRUCTIONAL ERROR

Lastly, Kornuta argues that the to-convict instruction was improper and violated his due process rights because it misstated the elements of possession of a stolen vehicle. Specifically, Kornuta argues that by including the statutory definition of possession of stolen property, the trial court's to-convict instruction relieved the State of its burden to prove that he possessed the stolen vehicle. We do not consider this argument.

Generally, we will not consider an issue raised for the first time on appeal. RAP 2.5(a); *State v. O'Hara*, 167 Wn.2d 91, 97-98, 217 P.3d 756 (2009). However, a defendant may raise an objection not properly preserved at trial if it is a manifest constitutional error. RAP 2.5(a)(3); *O'Hara*, 167 Wn.2d at 98. An error is manifest when it is apparent in the record and actually affected the defendant's rights. *State v. Swetz*, 160 Wn. App. 122, 127, 247 P.3d 802 (2011). To determine whether the defendant claims a manifest constitutional error, we must review the substance of the claimed error. *See, e.g., State v. Bobenhouse*, 166 Wn.2d 881, 891-95, 214 P.3d 907 (2009).

We review alleged errors in jury instructions de novo. *State v. Hayward*, 152 Wn. App. 632, 641, 217 P.3d 354 (2009). Due process requires that a trial court accurately instruct the jury on every element required to convict a defendant of the charged crime. *State v. Tyler*, No. 93770-2, slip op. at 14 (Wash. Aug. 2, 2018). It is reversible error to instruct the jury in a way that relieves the State of its burden to prove every essential element of a crime beyond a reasonable doubt. *Hayward*, 152 Wn. App. at 641-42.

As stated above, RCW 9A.56.068(1) criminalizes possession of a stolen vehicle. Possessing a stolen vehicle is defined as "knowingly to receive, retain, possess, conceal, or dispose

of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner." RCW 9A.56.140(1).

Here, the trial court's to-convict instruction stated that Kornuta could be found guilty of possession of a stolen vehicle if he "acted with knowledge that the motor vehicle had been stolen" and "withheld or appropriated the motor vehicle to the use of someone other than the true owner." CP at 32. The trial court's instructions also provided that "[p]ossessing a stolen motor vehicle means knowingly to receive, retain, possess, conceal, or dispose of a stolen motor vehicle knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto." CP at 31. Kornuta did not object to the court's jury instructions.

The purpose of RCW 9A.56.140(1) is only to provide a definition for the single element required to prove possession of a stolen vehicle. *Tyler*, slip op. at 10. The five terms in RCW 9A.56.140(1) are so closely related that they do not describe distinct acts separate from actually possessing a stolen vehicle. *Tyler*, slip op. at 10. As a result, the trial court did not misstate the elements of possession of a stolen vehicle when it included RCW 9A.56.140(1)'s definitional language in its to-convict instruction. *See Tyler*, slip op. at 13. Because the trial court's to-convict instruction did not misstate the elements of possession of a stolen vehicle, Kornuta fails to raise an error of constitutional magnitude. Thus, we do not consider Kornuta's challenge to the to-convict jury instruction.

No. 50137-6-II

We affirm Kornuta's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, A.C.J.

WORSWICK, J.