[No. 63759-2-I.  Division One.  June 21, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. BARNEY OLAF FURSETH, *Appellant*.

---

[7] *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 884 P.2d 592 (1994).

*Christopher Gibson* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney,* and *Dennis J. McCurdy, Deputy,* for respondent.

¶1 DWYER, C.J. — Where a prosecution is based on evidence that the defendant committed multiple criminal

acts, any one of which would constitute the charged crime, either the State is required to elect a specific act on which it will rely for conviction or the trial court is required to instruct the jury that it must unanimously agree that a specific criminal act has been proved beyond a reasonable doubt. However, such a unanimity, or *Petrich*,[1] instruction is not required where the State does not allege that the defendant committed multiple acts. As the unit of prosecution for the offense of possession of child pornography is per possession, evidence that a defendant simultaneously possessed multiple images of child pornography under the factual circumstances herein presented does not constitute evidence of multiple acts of possession, making a unanimity instruction unnecessary. Accordingly, we affirm.

I

¶2 The State charged Barney Olaf Furseth with one count of possessing depictions of minors engaged in sexually explicit conduct, also known as child pornography, in violation of RCW 9.68A.070.[2] At trial, multiple images found stored on Furseth's computer were introduced into

---

[1] *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984).

[2] The statute provides, "A person who knowingly possesses visual or printed matter depicting a minor engaged in sexually explicit conduct is guilty of a class B felony." RCW 9.68A.070. "Visual or printed matter" is defined as "any photograph or other material that contains a reproduction of a photograph." RCW 9.68A.011(2).

The following, whether actual or simulated, constitute "sexually explicit conduct":

(a) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex or between humans and animals;

(b) Penetration of the vagina or rectum by any object;

(c) Masturbation;

(d) Sadomasochistic abuse for the purpose of sexual stimulation of the viewer;

(e) Exhibition of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer;

(f) Defecation or urination for the purpose of sexual stimulation of the viewer; and

evidence. Several of these images depict what appear to be prepubescent boys and girls engaged in genital-genital, oral-genital, and anal-genital sexual intercourse; masturbation; and exhibitionism. Other images include photographs of Furseth as a young man and photographs of young men, teenage boys, and prepubescent boys in various states of undress. The State did not elect a particular image on which it relied for conviction. Furseth did not request, and the trial court did not issue, a unanimity instruction. The jury subsequently convicted Furseth as charged. Furseth appeals.

## II

¶3 Furseth contends that his conviction is invalid because the jury was not instructed that it had to unanimously find that a single, particular image of the several images introduced into evidence constituted child pornography found in Furseth's possession. We disagree.

¶4 In Washington, a criminal defendant may be convicted by a jury only if the members of the jury unanimously conclude that the defendant committed the criminal act with which he or she was charged. *Petrich*, 101 Wn.2d at 569 (citing *State v. Stephens*, 93 Wn.2d 186, 190, 607 P.2d 304 (1980)). A defendant's right to a unanimous verdict is rooted in the Sixth Amendment to the United States Constitution and in article I, section 22 of the Washington Constitution.[3] *State v. Kitchen*, 110 Wn.2d 403, 409, 756 P.2d 105 (1988) (citing U.S. CONST. amend. VI; WASH. CONST. art. I, § 22). Where the evidence indicates that more than one distinct criminal act has been committed but the

(g) Touching of a person's clothed or unclothed genitals, pubic area, buttocks, or breast area for the purpose of sexual stimulation of the viewer. RCW 9.68A.011(3).

[3] Although Furseth did not raise the issue of a unanimity instruction before the trial court, he may raise it for the first time on appeal, as it concerns an alleged manifest constitutional error. *State v. Bobenhouse*, 166 Wn.2d 881, 892 n.4, 214 P.3d 907 (2009) (citing *State v. Huyen Bich Nguyen*, 165 Wn.2d 428, 433, 197 P.3d 673 (2008)).

defendant is charged with only one count of criminal conduct, the jury must be unanimous as to which act or incident constitutes the charged crime. *State v. Noltie,* 116 Wn.2d 831, 842-43, 809 P.2d 190 (1991); *Petrich,* 101 Wn.2d at 572. That is, the "jury must be unanimous as to *which* act or incident constitutes a particular charged count of criminal conduct." *State v. Borsheim,* 140 Wn. App. 357, 365, 165 P.3d 417 (2007) (citing *Noltie,* 116 Wn.2d at 842-43; *Petrich,* 101 Wn.2d at 572).

¶5 The determination of whether a unanimity instruction was required turns on whether the prosecution constituted a *"multiple acts* case." *State v. Bobenhouse,* 166 Wn.2d 881, 892, 214 P.3d 907 (2009). A multiple acts prosecution occurs when "several acts are alleged and any one of them could constitute the crime charged." *Kitchen,* 110 Wn.2d at 411. For example, the prosecution for a single count of rape based on evidence of multiple, separate acts, "each of which is capable of satisfying the material facts required to prove" the charged crime, constitutes a multiple acts case. *Bobenhouse,* 166 Wn.2d at 894; *see also Kitchen,* 110 Wn.2d at 405-06, 411. Thus, in multiple acts cases, one of two things must occur: either (1) the State must elect a specific act on which it will rely for conviction or (2) the trial court must instruct the jury that it must unanimously agree that a specific criminal act has been proved beyond a reasonable doubt. *Bobenhouse,* 166 Wn.2d at 893; *Noltie,* 116 Wn.2d at 843; *Petrich,* 101 Wn.2d at 572. The failure of the State to elect a specific act or the trial court's failure to issue a unanimity instruction in a multiple acts case "is constitutional error. 'The error stems from the possibility that some jurors may have relied on one act or incident and some [jurors a different act], resulting in a lack of unanimity on all of the elements necessary for a valid conviction.' " *Bobenhouse,* 166 Wn.2d at 893 (alteration in original) (quoting *Kitchen,* 110 Wn.2d at 411).

¶6 Pursuant to our Supreme Court's decision in *State v. Sutherby,* 165 Wn.2d 870, 204 P.3d 916 (2009), the prosecution of Furseth did not constitute a multiple acts case

requiring a unanimity instruction. At issue in *Sutherby* was whether the proper unit of prosecution for possession of child pornography under former RCW 9.68A.070 (1990)[4] was per possession, per image, or per minor depicted. 165 Wn.2d at 878. The court construed the statute as proscribing the act of *"possession* of child pornography." *Sutherby*, 165 Wn.2d at 879. Therefore, the court held, "[T]he proper unit of prosecution . . . is one count per possession of child pornography, without regard to the number of images comprising such possession or the number of minors depicted in the images possessed." *Sutherby*, 165 Wn.2d at 882. The decision in *Sutherby* precluded the State from charging Furseth with multiple *acts* of possession of child pornography.

¶7 The unit of prosecution analysis is pertinent to this case because the analysis in *Sutherby* concerns "what *act* or course of conduct" the legislature has proscribed. 165 Wn.2d at 879 (emphasis added) (citing *State v. Root*, 141 Wn.2d 701, 706, 9 P.3d 214 (2000)). Again, a multiple acts prosecution occurs where "several acts are alleged and any one of them could constitute the crime charged." *Kitchen*, 110 Wn.2d at 411. Therefore, in order for a prosecution to constitute a multiple acts case, there must be evidence of multiple acts of proscribed conduct. As a matter of law, however, *Sutherby* precludes the possibility that a defendant such as Furseth could have committed multiple acts of possession of child pornography on the basis of having possessed multiple images of child pornography. *Sutherby* makes clear that, regardless of the number of images an individual might possess at one time, such an individual

---

[4] The version of RCW 9.68A.070 at issue in *Sutherby* provided that " '[a] person who knowingly possesses visual or printed matter depicting a minor engaged in sexually explicit conduct is guilty of a class C felony.' " 165 Wn.2d at 879 (alteration in original). The statute was amended in 2006, elevating the offense from a class C felony to a class B felony. LAWS OF 2006, ch. 139, § 3. However, the elements of the offense remain the same. *See supra* note 2.

may be prosecuted for only one act of possession of child pornography.[5] 165 Wn.2d at 882.

¶8 That the State was limited to charging Furseth with only one count of possession, despite evidence that Furseth had multiple images stored on his computer, makes the prosecution of Furseth significantly different from prosecutions held to constitute multiple acts cases. *Cf. Bobenhouse*, 166 Wn.2d at 894 (rape); *Kitchen*, 110 Wn.2d at 405-06, 411 (rape and indecent liberties). Again, a multiple acts prosecution occurs when "several acts are alleged and any one of them could constitute the crime charged." *Kitchen*, 110 Wn.2d at 411. Therefore, a defining characteristic of a multiple acts case is not only that a single count could be proved by evidence of any of the acts but also that each individual act could support a single, specific count. However, with respect to the offense of possession of child pornography, our Supreme Court has held that the proper unit of prosecution for possession of child pornography is one count per possession, even when a defendant is in possession of multiple images. *Sutherby*, 165 Wn.2d at 880. Thus, because the State could not have charged Furseth with multiple, separate counts of possession of child pornography, evidence that he possessed multiple images does not constitute evidence of multiple criminal acts. A unanimity instruction was not required. The trial court did not err.

¶9 Affirmed.

ELLINGTON and LAU, JJ., concur.

Review denied at 170 Wn.2d 1007 (2010).

---

[5] We do not address situations in which spatial or temporal differences might give rise to allegations of multiple acts of possession. *See State v. Adel*, 136 Wn.2d 629, 640-41, 965 P.2d 1072 (1998) (Talmadge, J., concurring) (discussing possibility of distinct units of prosecution for possession of controlled substances based on time and location of illegal possession).