SLIP OPINION

Cite as 2015 Ark. 431

# SUPREME COURT OF ARKANSAS

No. CR–14–555

| | |
|---|---|
| MICHAEL EUGENE REA<br>APPELLANT | **Opinion Delivered** November 19, 2015 |
| V. | APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[NO. 63CR-13-39] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBERT HERZFELD,<br>JUDGE |
| | <u>AFFIRMED</u>. |

**COURTNEY HUDSON GOODSON, Associate Justice**

A jury in the Saline County Circuit Court found appellant Michael Eugene Rea guilty of four counts of computer exploitation of a child in the first degree and of twenty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child. Running some of the counts consecutively and others concurrently, the circuit court sentenced Rea as an habitual offender to a total of 310 years in prison. For reversal, Rea argues that the circuit court erred by not reducing each charge to one count because multiple convictions for the same offense violates his right to be free from double jeopardy.[1] We

---

[1] This case originated in the Arkansas Court of Appeals as a no-merit appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals. The court of appeals ordered rebriefing, *Rea v. State*, 2015 Ark. App. 414, after which Rea's counsel chose to submit a merit brief. We transferred the appeal to this court, as it involves an issue of first impression concerning the interpretation of an Arkansas statute. Therefore, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(1) & (6).

SLIP OPINION

affirm.

The prosecuting attorney in Saline County charged Rea with four counts of computer exploitation of a child in the first degree, a violation of Arkansas Code Annotated section 5-27-605(a) (Repl. 2013), and with twenty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child, which is a violation of Arkansas Code Annotated section 5-27-602(a) (Repl. 2013).[2]  The record reveals that the charges arose from a search of a computer hard drive and a laptop computer located in Rea's home, as conducted by special agents of the cyber-crimes unit of the Arkansas Attorney General's Office.  The four counts of first-degree computer exploitation involved four different photographs found on the computer hard drive.  These photographs depicted the genitalia of a male, T.S., when when he was fifteen and sixteen years old.  T.S. testified that he was in Rea' bedroom when the photographs were taken and that he drank alcohol and used drugs at Rea's home.  Both in his statements to the agents and in his testimony at the trial, Rea admitted that he took the photographs of T.S.  The twenty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child were based on eighteen different photographs and two separate videos.  These photographs and videos were found on Rea's hard drive and the laptop computer, and they  all depicted adolescent males engaging in sexually explicit conduct.

Rea argues on appeal that the twenty counts of possessing the pornographic

---

[2] Although hundreds of photographs were found, the prosecuting attorney elected to charge Rea with only twenty counts.

photographs and videos and the four counts of computer exploitation should have been reduced to one count for each offense as a matter of double jeopardy. With respect to section 5-27-602, he contends that the General Assembly's use of the term "any" is ambiguous and that, based on the rule of lenity, this court should strictly construe the statute in his favor to hold that his possession of the multiple images constitutes but a single offense.

One of the protections of the double-jeopardy clause is to protect a defendant from multiple punishments for the same offense. *Myers v. State*, 2012 Ark. 143, 400 S.W.3d 231. Our General Assembly has codified this principle in Arkansas Code Annotated section 5-1-110(a)(5) (Repl. 2013), which provides that a defendant may not be convicted of more than one offense if the conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that a specific period of the course of conduct constitutes a separate offense. Under this statute, the test is whether the individual acts are prohibited or the course of action they constitute; if the former, each act is punished separately, if the latter, there can be but one penalty. *See Ricks v. State*, 327 Ark. 513, 940 S.W.2d 422 (1997); *Hagen v. State*, 318 Ark. 139, 883 S.W.2d 832, 834 (1994); *Rowe v. State*, 271 Ark. 20, 607 S.W.2d 657 (1980).

Both the United States Supreme Court and this court have made it clear that it is the legislature that determines crimes, fixes punishments, and has the authority to impose cumulative punishments for the same conduct. *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000) (citing *Missouri v. Hunter*, 459 U.S. 359 (1983)); *see also Sherman v. State*, 326 Ark. 153, 931 S.W.2d 417 (1996). The "question whether punishments imposed by a court after

SLIP OPINION

a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized." *Whalen v. United States*, 445 U.S. 684, 688 (1980). "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature . . . the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent[.]" *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Hunter*, 459 U.S. at 366 (1983).

This court reviews issues of statutory interpretation de novo, as it is for this court to decide the meaning of a statute. *Newman v. State*, 2011 Ark. 112, 380 S.W.3d 395. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Thompson v. State*, 2014 Ark. 413, 464 S.W.3d 111. However, even strict construction of penal statutes does not override the primary consideration of all statutory construction—the intent of the legislature. *Dollar v. State*, 287 Ark. 61, 697 S.W.2d 868 (1985). We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Metzner v. State*, 2015 Ark. 222, 462 S.W.3d 650.

The statute in question, section 5-27-602(a)(2), provides that a person commits the offense of distributing, possessing, or viewing of matter depicting sexually explicit conduct

involving a child if the person knowingly:

> (2) *Possesses* or views through any means, including on the Internet, *any photograph*, film, *videotape*, computer program or file, computer-generated image, video game, or any other reproduction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct.

(Emphasis supplied.)  Our question is whether the General Assembly intended to impose separate sanctions for the possession of each photograph and each videotape that Rea possessed.  When examining the language of the statute, we note that it criminalizes the possession of "any" of the proscribed items that are expressed in singular form.  As pertinent here, the statute prohibits the possession of "any" "photograph" and "any" "videotape."  In our view, the plain language of the statute demonstrates that the General Assembly unambiguously intends that each act of possession is a discrete and independent offense. Consequently, the statute authorizes separate convictions for each prohibited photograph and videotape that is possessed.

Our conclusion is supported by courts in a significant number of jurisdictions.  As recently noted by the North Dakota Supreme Court, when the term "any" is followed by words in the singular formulation, the clear indication is that the legislature intended and authorized punishment for each differing conduct.  *Peterka v. State*, 864 N.W.2d 745 (N.D. 2015) (upholding convictions and sentences on 119 counts of unlawful possession of images of sexual conduct by a minor).  *See also, e.g.*, *Williams v. Commonwealth*, 178 S.W.3d 491, 495 (Ky. 2005) ("The singular form of 'photograph' read in conjunction with the term 'any' clearly indicates that the Legislature intended prosecution for each differing photograph"); *State v. Mather*, 646 N.W.2d 605, 610–11 (Neb. 2002) ("The singular form of 'photographic

representation' covered under the statute read in conjunction with the term 'any' indicates that the Legislature intended prosecution for each differing photographic representation."); *State v. Cobb*, 732 A.2d 425 (N.H. 1999) (relying on the use of the word "any" to hold the legislature intended each photograph to be a separate offense); *Commonwealth v. Davidson*, 938 A.2d 198 (Penn. 2007) (holding that the use of the word "any" in conjunction with a singular object means that each possession constitutes a distinct occurrence and a separate offense); *State v. Multaler*, 643 N.W.2d 54 (Wis. 2002); *State v. Gillespie*, 316 P.3d 126, 133 (Idaho Ct. App. 2013) (explaining that "our Supreme Court has not viewed the word 'any' as a collective term limiting prosecution to a single possession charge but has, quite to the contrary, determined that multiple charges are appropriate under a statute that prohibits the possession of 'any' of the singular items described"); *People v. Murphy*, 997 N.W.2d 757 (Ill. Ct. App. 2013) (noting that the statute proscribes possession of any "photograph," not "photographs," and the singular form combined with the use of the word "any," weighs in favor of interpreting the statute to mean any one item of pornography in any one of the various media described in the statute).

As observed by the Supreme Court of Illinois, statutes prohibiting the possession of child pornography are designed to protect children from exploitation by eliminating the market for such materials. *People v. Geever*, 522 N.E.2d 1200 (Ill. 1988). The court in *Geever* also noted that victims of child pornography may be haunted far into the future based on the knowledge that his or her pornographic image is circulating within the mass distribution system for all to see.

We conclude that section 5-27-602 does not impose multiple prosecutions for the same offense in violation of the double jeopardy clause. Instead, the statute permits separate prosecutions for the knowing possession of "any" prohibited photograph or videotape. As stated by the Pennsylvania Supreme Court in *Davidson*, *supra*, those who violate a statute by possessing numerous images are "not entitled to a volume discount." *Davidson*, 938 A.2d at 221. Consequently, the circuit court did not err by rejecting Rea's argument.

With respect to his convictions under section 5-27-605,[3] Rea has not favored us with any argument explaining how his multiple convictions under the statute result in a double-jeopardy violation. Although he has quoted the language of the statute, Rea presents no specific argument, as he has for section 5-27-602, that the General Assembly did not intend multiple punishments for the same act. Therefore, addressing a challenge to section 5-27-605 would require this court to develop an argument on Rea's behalf. However, this court does not research or develop arguments for appellants. *Sims v. State*, 2015 Ark. 363, ___ S.W.3d ___; *Green v. State*, 2012 Ark. 19, 386 S.W.3d 413; *Clemons v. State*, 2010 Ark. 337, 369 S.W.3d 710. We decline to discuss the issue any further.

Affirmed.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[3]In relevant part, section 5-27-605(a)(1), a person commits computer exploitation of a child in the first degree if the person causes or permits a child to engage in sexually explicit conduct and knows, has reason to know, or intends that the prohibited conduct may be photographed.