Hart, J., dissents.
I dissent. Obviously, child pornography is condemnable, and while I agree with the majority's holding that a double-jeopardy violation is a cognizable claim in state habeas proceedings, I disagree with its holding that Pelletier's claim is without merit. The ugliness of a given criminal act cannot supersede the most basic and fundamental tenets of our criminal justice system. Based on the facts of this case, the State of Arkansas could only lawfully convict Pelletier of, at most, one count of violating Ark. Code Ann. § 5-27-602 (Repl. 2013).
Double jeopardy has long been a fundamental principle in American criminal law. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States , 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Pleading guilty does not waive the right to claim a double-jeopardy violation. Haring v. Prosise , 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983).
The principle of double jeopardy is no less applicable under the law of Arkansas. Arkansas Code Annotated section 5-1-110 (Repl. 2013) provides in relevant part:
(a) When the same conduct of a defendant may establish the commission of more than one (1) offense, the defendant may be prosecuted for each such offense. However, the defendant may not be convicted of more than one (1) offense if:
(1) One (1) offense is included in the other offense, as defined in subsection (b) of this section;
(2) One (1) offense consists only of a conspiracy, solicitation, or attempt to commit the other offense;
(3) Inconsistent findings of fact are required to establish the commission of the offenses;
(4) The offenses differ only in that one (1) offense is defined to prohibit a designated kind of conduct generally and the other offense to prohibit a specific instance of that conduct; or
(5) The conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that a specific period of the course of conduct constitutes a separate offense.
For example, in Watson v. State , a case in which the defendant was charged and convicted of three counts of theft by receiving where all of the stolen property had been acquired in a single transaction, this court held as follows:
The basis of the crime, therefore, is receiving the stolen property. The petitioner did that during one transaction. See Gilmore v. State , 710 S.W.2d 355 (Mo. App. [E.D.] 1986). In Rowe v. State , 271 Ark. 20, 607 S.W.2d 657 (1980), we said that a continuing offense must be a continuous act or series of acts set on foot by a single impulse and operated by *736 an unintermittent force. In this case the petitioner received the stolen property only once, not on several occasions. Under these circumstances we hold that only one conviction for theft by receiving should lie. See Yarbrough v. State , 257 Ark. 732, 520 S.W.2d 227 (1975). Although this issue was not raised at trial, it involves a question of double jeopardy which if meritorious is sufficient to void the judgment.
295 Ark. 616, 618, 752 S.W.2d 240, 241 (1988) (emphases added).
The penal statute Pelletier was charged under provides in relevant part as follows:
(a) A person commits distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child if the person knowingly:
(1) Receives for the purpose of selling or knowingly sells, procures, manufactures, gives, provides, lends, trades, mails, delivers, transfers , publishes, distributes, circulates, disseminates, presents, exhibits, advertises, offers, or agrees to offer through any means, including the Internet, any photograph, film, videotape, computer program or file, video game, or any other reproduction or reconstruction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct; or
(2) Possesses or views through any means, including on the Internet, any photograph, film, videotape, computer program or file, computer-generated image, video game, or any other reproduction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct.
Ark. Code Ann. § 5-27-602 (Repl. 2013) (emphases added). Penal statutes are subject to the rule of lenity, "which requires not only that a criminal statute be strictly construed in favor of one accused, but that nothing may be left to intendment and all doubts must be resolved in favor of the defendant in construing such statutes." Austin v. State , 259 Ark. 802, 804, 536 S.W.2d 699, 700 (1976) ; see also Bell v. United States , 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955).
Finally, it is well settled that an "illegal" sentence may be challenged at any time. Donaldson v. State , 370 Ark. 3, 257 S.W.3d 74 (2007). An "illegal" sentence is defined as "one which the trial court lacks the authority to impose, even if on its face the sentence is within the statutory range." Id.
Turning to the merits of Pelletier's claim, based on the facts of this case, I cannot agree with the majority's conclusion:
[F]or double-jeopardy purposes, there is no distinction between possession under section 5-27-602(a)(2) and the prohibited activities listed in 5-27-602(a)(1). Each photograph that is distributed in violation of section 5-27-602(a)(1) can support a separate charge. Appellant does not dispute that the email he sent contained thirty separate photographs depicting children engaging in sexually explicit conduct. We reject appellant's argument that Rea is distinguishable on the basis that appellant was convicted of a violation of section 5-27-602(a)(1).
The most important aspect of Pelletier's claim, which the majority fails to address in its analysis and only nominally acknowledges at the beginning of its opinion, is that Pelletier was living in Texas when he executed the single click of the "send" button on his computer, which sent a single e-mail with a single attached file containing thirty images of child pornography to a single undercover police officer in Faulkner County, Arkansas. There is one single actus reus at issue here. This fact is significant because Pelletier was charged *737 with thirty counts of violating Ark. Code Ann. § 5-27-602(a)(1), the "transfer" provision of the statute, and not thirty counts of violating Ark. Code Ann. § 5-27-602(a)(2), the "possession" provision of the statute.
Indeed, the prosecutor could not charge and convict Pelletier under the "possession" provision of the statute because Pelletier never "possessed" anything within the boundaries of the State of Arkansas. Rea is not distinguishable just because the defendant there was charged under the "possession" provision of the statute, but also because the defendant there "possessed" all the images on his computer inside the boundaries of Arkansas. See generally Rea v. State , 2015 Ark. 431, 474 S.W.3d 493. Here, the question was not whether any explicit material was "possessed," but whether it was "transferred" within the meaning of the prohibited activities listed in Ark. Code Ann. § 5-27-602(a)(1) (Repl. 2013), and the only act that could even potentially constitute such a "transfer" directed to the State of Arkansas was Pelletier's single click of the "send" button on August 14, 2012. Even though we are addressing Ark. Code Ann. § 5-27-602, the "possession" provision of which was at issue in Rea (and not the "transfer" provision at issue in this case), this case is far closer to Watson , as it addresses a single transfer of multiple items of contraband. Proving that Pelletier engaged in thirty individual violations of Ark. Code Ann. § 5-27-602(a)(1) on these facts would have involved the presentation of the exact same proof at trial for each separately alleged violation.
Accordingly, the State of Arkansas could only convict Pelletier of, at most, one count of violating Ark. Code Ann. § 5-27-602(a)(1). Pelletier's additional twenty-nine convictions and sentences under the exact same statutory provision on the exact same facts violate double jeopardy. The majority's decision to the contrary is at odds with the conclusions reached by our sister states when addressing similar situations. See, e.g. , Washington v. Sutherby , 204 P. 3d 916 (Wash. 2009) (en banc) (10 images); Commonwealth v. Rollins , 470 Mass. 66, 18 N.E.3d 670 (2014) (100 images); Washington v. Furseth , 156 Wash.App. 516, 233 P.3d 902 (Wash. 2010) (multiple images); Castanada v. Nevada , 373 P.3d 108 (Nev. 2016) (15 images); People v. Hertzig , 156 Cal.App.4th 398, 67 Cal.Rptr.3d 312 (2007) (30 images); State v. Liberty , 370 S.W.3d 537 (Mo. 2012) (8 images); State v. Olsson , 324 P.3d 1230 (N.M. 2014) (60 images); State v. Pickett , 211 S.W.3d 696 (Tenn. 2007) (11 images); People v. McSwain , 358 Ill.Dec. 152, 964 N.E.2d 1174 (Ill. App. Ct. 2012) (one e-mail with 5 images); People v. Manfredi , 169 Cal.App.4th 622, 86 Cal.Rptr.3d 810 (2008) (46 images).
For these reasons, I would reverse.