Cite as 2022 Ark. 39

# SUPREME COURT OF ARKANSAS
### No. CV-21-294

| | | |
|---|---|---|
| MICHAEL OSBURN | | Opinion Delivered: February 17, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-21-129] |
| V. | | |
| MICHELLE GRAY, WARDEN | | HONORABLE JODI RAINES DENNIS, |
| | APPELLEE | JUDGE |
| | | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Michael Osburn appeals the circuit court's dismissal of his pro se petition for a writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). Osburn alleged that his conviction is void because his two consecutive sentences for twenty-nine counts of possessing matter depicting sexually explicit images of a child exceeded the maximum statutory sentence for a Class C felony. The circuit court denied the claim and found that the first charge of possessing sexually explicit images of children was a Class C felony, but the subsequent twenty-nine charges for the same offense were Class B felonies. Because Osburn was convicted of possessing multiple photographs of sexually explicit images of children, we affirm.

I. *Background*

In October 2019, Osburn pled guilty to the following offenses: one count of possession and distribution of sexually explicit images of children; ten counts of possession and distribution of sexually explicit images of children; nineteen counts of possession and distribution of sexually explicit images of children; two counts of failure to register as a sex offender; and three counts of fourth-degree sexual assault.[1] Osburn was sentenced to consecutive terms of 120 months' imprisonment for one count of possession of a sexually explicit image of a child, 240 months' imprisonment for possession of ten sexually explicit images of children, and 240 months' imprisonment for possession of nineteen sexually explicit images of children. The sentences for the remaining charges set forth above were imposed concurrently.

The circuit court denied the habeas petition on the basis that the information charged Osburn with one Class C felony and with twenty-nine Class B felonies for the subsequent offenses in compliance with Arkansas Code Annotated section 5-27-602(b) (Repl. 2013), which states in pertinent part that subsequent offenses of distributing and possessing matter depicting sexually explicit images of children are classified as Class B felonies. The information is not in the record, and the sentencing order reflects convictions for thirty Class C felonies. For the following reasons, Osburn's order of conviction is legal on its face due to the multiple counts reflected therein.

## II. *Standard of Review*

---

[1]Osburn's probation was revoked for the 2015 conviction of fourth-degree sexual assault under case number 69CR-15-109.

2

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

### III. *Nature of the Writ*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

This court views an issue of a void or illegal sentence as one of subject-matter jurisdiction. *Johnson v. Kelley*, 2019 Ark. 230, 577 S.W.3d 710. A sentence is void or illegal when the trial court lacks authority to impose it. *Id.* In Arkansas, sentencing is entirely a matter of statute, and this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Id.* When the law does not authorize the particular sentence pronounced by a trial court, that sentence is unauthorized and illegal. *Id.*

IV. *Claims for Relief*

Osburn alleges that the two consecutive sentences of 240 months' imprisonment are illegal as they exceed the maximum penalty for Class C felonies of 120 months. *See* Ark. Code Ann. § 5-4-401 (Repl. 2013). Osburn ignores the fact that he pled guilty to multiple counts of possessing sexually explicit images of children in violation of section 5-27-602(a).

This court has held that by enacting section 5-27-602(a), the General Assembly intended that each act of possession is a discrete and independent offense; therefore, the statute authorizes separate convictions for each prohibited image. *Rea v. State*, 2015 Ark. 431, 474 S.W.3d 493. In other words, the legislature intended the number of offenses to correlate with the number of photographs, not the activity undertaken with the photographs. *Id.* Each photograph that is distributed in violation of section 5-27-602(a)(1) can support a separate charge. *Pelletier v. Kelley*, 2018 Ark. 347, 561 S.W.3d 730. In view of this, Osburn's sentence of 240 months' imprisonment each for ten counts and nineteen counts of possession of matter depicting sexually explicit images of children did not exceed the maximum penalty for those offenses because Osburn was subject to a penalty of 120 months for each of the twenty-nine separate counts of possessing those images.

Affirmed.

*Michael Osburn*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.